UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SEANA BARNETT,**

        **Plaintiff,**

**v.**                                               **Case No: 6:15-cv-469-RBD-DCI**

**DENNIS M. LEMMA,**

        **Defendant.**

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Ruling on Entitlement to Prevailing Party Attorney Fees, Expenses, and Costs on a Final or Interim Basis (Doc. 312)** |
| **FILED:** | **February 7, 2024** |
| **MOTION:** | **Parties' Joint Motion to Stay of Plaintiff's Motion for Entitlement to Fees and Costs Pending Exhaustion of Post Trial Motions and Appeal (Doc. 323)** |
| **FILED:** | **February 16, 2024** |

**THEREON** it is **ORDERED** that Plaintiff's Motion for Ruling on Entitlement (Doc. 312) is **DENIED without prejudice**; and the Parties' Joint Motion (Doc. 323) is **GRANTED in part**.

This case has a long procedural history and appeared to be at its conclusion at different points. On March 23, 2015, Plaintiff Seana Barnett (Plaintiff) brought this action against Defendants Sara MacArthur, individually (MacArthur), and Donald Eslinger, in his official

capacity as Sheriff of Seminole County, Florida. Doc. 1. Dennis M. Lemma (Defendant Sheriff Lemma) became the Sheriff during litigation and the Court granted the request to substitute him as the Defendant. Doc. 157. The parties litigated the matter and the Court eventually granted summary judgment in part against Plaintiff but allowed her 42 U.S.C. § 1983 unlawful arrest and detention claim and state-law false imprisonment claim to proceed to trial. Doc. 111. The Court, however, found that the Sheriff could not be liable under § 1983 pursuant to *Monell v Dept. of Social Services*, 436 U.S. 658 (1978) because his "hold policy" was permitted under Florida law. *Id*. The jury subsequently returned a verdict in favor of the Defendants on the two claims that survived summary judgment. Doc. 169.

Plaintiff appealed the Court's summary judgment decision on some of her claims and the denial of her motion for a new trial. Docs. 185. The United States Court of Appeals for the Eleventh Circuit reversed the entry of summary judgment in favor of Defendant Sheriff Lemma on the *Monell* claim and remanded the matter for a trial on that claim. Docs. 188, 189. Plaintiff then sought summary judgment on the *Monell* claim and the Court granted the request and scheduled a jury trial on the issue of damages. Doc. 214. Upon another appeal, the Eleventh Circuit again reversed and vacated the Court's entry of summary judgment and remanded the matter. Doc. 247.

The case proceeded to trial and a jury returned a verdict for Plaintiff on her *Monell* claim against Defendant Sheriff Lemma and awarded $99,000 to Plaintiff. Doc. 309. Judgment was entered and Plaintiff filed a Proposed Bill of Costs. Docs. 310, 314.

That brings the Court to Plaintiff's pending Motion for Ruling on Entitlement to Prevailing Party Attorneys' Fees, Expenses and Costs on a Final or Interim Basis. Doc. 312 (the Motion for Ruling on Entitlement). With respect to Local Rule 3.01(g), Plaintiff certified that she conferred

with opposing counsel and Defendant Sheriff Lemma takes the position that ruling on entitlement to prevailing party fees should be delayed because he intends to file post-trial motions challenging the jury's verdict and appeal if his motions are denied. *Id*. at 8. As such, the Court set a hearing on the Motion for Ruling on Entitlement and stayed Defendant Sheriff Lemma's deadlines to respond to Plaintiff's request and to file a motion to review a bill of costs. Doc. 322.

The parties have now filed a Joint Motion for Stay of Plaintiff's Motion for Entitlement to Fees and Costs Pending Exhaustion of Post Trial Motions and Appeal. Doc. 323 (the Motion to Stay). The parties state that counsel agree that the usual practice in the Middle District of Florida is to postpone consideration of a motion for fees and costs. *Id*. at 2. The parties explain that Defendant Sheriff Lemma intends to file post-trial motions and that there will be a possible appeal by one or both parties. *Id*. Indeed, Defendant Sheriff Lemma has since filed a Notice of Appeal as to the Judgment and a Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial. Docs. 324, 325.

Upon due consideration, the Court finds that consideration of attorney fees and costs is premature and should be deferred. "[D]eferring ruling on a motion for attorney's fees and costs pending an appeal is a matter within the court's discretion, and courts will defer ruling in the interests of judicial economy." *Truesdell v. Thomas*, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (citations omitted). "Deferring ruling on the issue of attorney's fees and costs would avoid the risk of having to effectuate recalculation, repayment, reimbursement or an offset of such an award later." *Id*.

Further, "'[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the

aspects of the case involved in the appeal.'"  *U.S. v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Given Defendant Sheriff Lemma's appeal, the pendency of at least one post-judgment motion, the potential for additional appeals from both sides, and the history of appellate activity in this case, the Court finds that deferment on the issue of fees and costs is warranted.  The Court, however, is not inclined to simply stay consideration as the parties' pending request.  Instead, denial without prejudice of the Motion for Ruling on Entitlement and an extension of the deadlines associated with fees and costs is appropriate and will ensure that the Court has up-to-date briefing after the exhaustion of any appeals.  *See Founders Ins. Co. v. Cortes-Garcia*, 2013 WL 461731, at *7-8 (M.D. Fla. Feb. 7, 2013) (noting that if an appeal is pending or other issues remain unresolved, the proper procedure is to deny a motion for fees and costs pending a final resolution of the case).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Ruling on Entitlement (Doc. 312) is **DENIED without prejudice**;

2. the parties' Joint Motion to Stay (Doc. 323) is **GRANTED in part** such that: the parties must file any proposed bill of costs (pursuant to Rule 54)[1] and any motion concerning attorney fees and non-taxable costs (pursuant to Local Rule 7.01(b)) within thirty days after either (1) the time to appeal the judgment in this case expires, or (2), the date of

---

[1] Currently, there are three proposed bills of costs filed on the docket.  Docs. 171; 218; 314.  The Clerk has not entered a bill of costs, so the time to file a motion to review has not been triggered.  *See* Fed.R.Civ.P. 54.  This Order directs the Clerk not to enter a bill of costs as to any of the filed, proposed bills of costs.

Any request for taxable costs must come via a new proposed bill of costs filed in accordance with the deadline set forth in paragraph 2. above—the Court will not refer back to the prior proposed bills of costs.

the dismissal of any appeal or the issuance of the mandate by the Circuit.[2] The remainder of the Motion to Stay (Doc. 323) is **DENIED**;

3. the **CLERK** shall not enter a bill of costs in relation to any of the proposed bills of costs currently pending on the docket (i.e., Docs. 171; 218; 314); and

4. the Court will cancel the February 22, 2024 hearing by separate notice.

**DONE AND ORDERED** in Orlando, Florida on February 21, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] If a contingency occurs that is not anticipated by this order, the parties may file a motion to clarify or modify the briefing schedule.